*In re* RAMÓN E. SURILLO ASCAR.

*Número:* TS-6125                     *Resuelto:* 10 de diciembre de 2004

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías, en informes.

PER CURIAM: Mediante opinión *per curiam* de 26 de noviembre de 2003, suspendimos indefinidamente del ejercicio de la notaría en nuestra jurisdicción al Lcdo. Ramón E. Surillo Ascar.([1]) *In re Surillo Ascar*, 160 D.P.R. 742 (2003).

---

([1]) Conforme surge del informe que nos rindiera el Procurador General de Puerto Rico el 4 de junio de 2003, el licenciado Surillo Ascar notarizó varios documentos, en los cuales dio fe de que los otorgantes habían suscrito y firmado los documentos en su presencia, lo cual *no* era cierto. Esta conducta fue *admitida* por el referido abogado.

Instruimos a la Oficina del Alguacil de este Tribunal para que se incautara de la obra y del sello notariales del licenciado Surillo Ascar, debiendo entregarlos a la Oficina de Inspección de Notarías "para la correspondiente investigación e informe" a este Tribunal. Examinada la obra notarial por la Oficina de Inspección de Notarías, el 29 de marzo de 2004 la Lcda. Carmen H. Carlos, directora de la referida oficina, nos rindió un informe al respecto en el cual nos señaló la comisión de serias deficiencias de parte del licenciado Surillo Ascar. Mediante Resolución de 21 de mayo de 2004, le concedimos el término de sesenta días al referido abogado "para que proceda a corregir, a sus expensas, las deficiencias notariales señaladas" en el informe de la Oficina de Inspección de Notarías. El licenciado Surillo Ascar fue *debidamente notificado* con copia de la mencionada resolución.

La Directora de la Oficina de Inspección de Notarías, mediante informe suplementario a esos efectos, nos informó que el licenciado Surillo Ascar ha hecho *caso omiso* de la resolución emitida por este Tribunal al extremo que éste ni siquiera "se ha comunicado ni se ha personado" a la Oficina de Inspección de Notarías con el propósito de corregir las deficiencias señaladas.

Resolvemos, sin ulterior trámite, al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

I

En reiteradas ocasiones este Tribunal ha expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re*

*Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado *le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal,* particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago,* 155 D.P.R. 926 (2001).

■ En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, *constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.*([2]) Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto,* 146 D.P.R. 55, 62 (1998).

■ Como señaláramos en *In re Escalona Colón,* 149 D.P.R. 900, 901 (2002), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Foro que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". *In re Guemárez Santiago I,* 146 D.P.R. 27, 29 (1998). Véase, además, *In re Nicot Santana,* 129 D.P.R. 717, 718 (1992).

---

([2]) *In re Pérez Brasa,* 155 D.P.R. 813 (2001); *In re Vázquez Santiago,* 155 D.P.R. 926 (2001); *In re Figueroa Carrasquillo,* 153 D.P.R. 132 (2001); *In re López López,* 149 D.P.R. 82 (1999); *In re Vargas Soto,* 146 D.P.R. 55 (1998); *In re Ríos Acosta I,* 139 D.P.R. 117 (1995); *In re Pérez Benabe,* 133 D.P.R. 361 (1993); *In re Ribas Dominicci I,* 131 D.P.R. 491 (1992); *In re Nicot Santana,* 129 D.P.R. 717 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el abogado Ramón E. Surillo Ascar ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Como señaláramos anteriormente, hoy, luego de más de seis meses de haber recibido la Resolución emitida por este Tribunal, este abogado no la ha cumplido. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, *se decreta la suspensión indefinida e inmediata de Ramón E. Surillo Ascar del ejercicio de la abogacía en nuestra jurisdicción.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señor Rivera Pérez y Señora Rodríguez Rodríguez no intervinieron.