*In re* RENÉ NEGRÓN NEGRÓN, querellado.

*Número:* AB-2004-120     *Resuelto:* 27 de diciembre de 2004

*Milagros Martínez Mercado y Ángel N. Candelario Cáliz*, oficiales investigadores de la Comisión de Ética del Colegio de Abogados; *Angelina Guzmán De Jesús*, querellante.

PER CURIAM: El 3 de noviembre de 2003, la Sra. Angelina Guzmán De Jesús presentó ante el Colegio de Abogados (Colegio) una queja bajo juramento sobre conducta profesional contra el Lcdo. René Negrón Negrón. La Comisión de Ética del Colegio de Abogados (Comisión) le notificó al licenciado Negrón Negrón de la queja presentada por correo certificado con acuse de recibo, y le concedió un término para contestar. Esa carta le fue devuelta a la Comisión por el servicio postal por no haber sido reclamada (*unclaimed*) por el licenciado Negrón Negrón.

La Comisión le envió a Negrón Negrón cinco cartas adicionales certificadas con acuse de recibo, en las cuales le informó de la querella y le requirió que se expresara sobre ésta. Todas las cartas fueron devueltas por el correo por no haber sido reclamadas.

Así las cosas, el 14 de mayo de 2004, el Colegio nos informó que no había podido tramitar la querella de la señora Guzmán De Jesús debido a la devolución de las cartas enviadas a Negrón Negrón en las que se informaba de la queja presentada y se solicitaba su posición. Nos indicó, además, que no constaba en sus expedientes cambio de dirección alguno del licenciado Negrón Negrón.

El 4 de junio de 2004 emitimos una resolución mediante la cual le concedimos a Negrón Negrón un término de diez días para que compareciera ante el Colegio a exponer su posición sobre la queja presentada. También le ordenamos que, en el mismo plazo, compareciera ante nosotros para exponer las razones por las cuales no debía ser disciplinado por su incomparecencia ante el Colegio. Le apercibimos que el incumplimiento de nuestra Resolución podría conllevar severas sanciones, incluyendo la suspensión del ejercicio de la profesión. La Resolución le fue notificada personalmente al licenciado Negrón Negrón el 16 de junio de 2004 por la Oficina del Alguacil General de este Tribunal.

El término concedido al licenciado Negrón Negrón ha transcurrido. Éste no ha comparecido ni ha solicitado pró-

rroga para comparecer al Colegio de Abogados ni a este Tribunal.

■ Este Tribunal tiene poder para reglamentar la profesión de la abogacía en Puerto Rico. *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Díaz Alonso, Jr.*, 115 D.P.R. 755 (1984). En el pasado hemos resuelto que "la 'naturaleza pública de que está revestida la profesión de abogado reclama de ést[a] estricta observancia de los requerimientos de los tribunales' ". *In re Pagán Ayala*, 115 D.P.R. 814, 815 (1984).

■ Reiteradamente nos hemos expresado sobre la obligación de los abogados de atender diligentemente los requerimientos de este Tribunal cuando se trata de una queja profesional presentada en su contra, independientemente de los méritos de la queja presentada. *In re Zayas Cabán*, 162 D.P.R. 839 (2004); *In re Arroyo Rivera*, 161 D.P.R. 567 (2004); *In re Ron Menéndez*, 149 D.P.R. 105 (1999); *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998).

■ Hemos rechazado categóricamente la desidia y la indiferencia del abogado que incumple con las órdenes de este Tribunal, al igual que su incumplimiento con los requerimientos del Colegio y el Procurador General en la esfera disciplinaria. *In re López López*, 149 D.P.R. 82 (1999); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). La indiferencia de los abogados a responder a las órdenes de este Tribunal apareja la imposición de severas sanciones disciplinarias. *In re Román Rodríguez*, 147 D.P.R. 479 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 368 (1999); *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1997).

Ya en el pasado habíamos suspendido a Negrón Negrón del ejercicio de la profesión por una conducta idéntica a la que aquí se relata. Véase *In re Negrón Negrón*, 148 D.P.R. 12 (1999). Es insostenible e incomprensible que nuevamente incurra en la misma conducta, lo que evidencia aún

más su grave menosprecio por nuestra función reguladora de la profesión legal.

La actitud contumaz de Negrón Negrón al desatender nuestro reciente requerimiento lo hace indigno de ejercer la profesión de la abogacía y exige el ejercicio de nuestra facultad disciplinaria.

Por las razones antes expuestas y por el incumplimiento con nuestra Orden de 4 de junio de 2004, se dictará sentencia para suspender de inmediato e indefinidamente al licenciado Negrón Negrón del ejercicio de la abogacía. Se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial del licenciado Negrón Negrón, y que la Oficina del Alguacil General de este Tribunal le notifique personalmente esta opinión *per curiam* y sentencia.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Rebollo López y Rivera Pérez no intervinieron.