*In re* WENDY LIND CASADO, querellada.

*Número:* AB-2004-245        *Resuelto:* 8 de abril de 2005

*Ángel N. Candelario Cáliz*, oficial investigador de la Comisión de Ética del Colegio de Abogados de Puerto Rico; *Juan Betancourt Guzmán*, querellante.

PER CURIAM: Una vez más nos vemos obligados a sancionar a una abogada por ignorar los requerimientos del foro

que investiga una queja en su contra y por incumplir con nuestras órdenes.

## I

El 17 de mayo de 2004, el Sr. Juan Betancourt Guzmán presentó una queja contra la Lcda. Wendy Lind Casado ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. El oficial investigador de dicha comisión a cargo del caso, Lcdo. Ángel N. Candelario Cáliz,[1] le envió una carta por correo certificado a la licenciada Lind Casado, en la cual le notificó la queja y le concedió veinte días para que se expresara. Transcurrido el término sin recibir comunicación alguna de la licenciada Lind Casado, el oficial investigador le concedió diez días adicionales para que dejara saber su posición.

Poco después de enviar esa segunda carta, aunque con fecha anterior a ella, se recibió en el Colegio de Abogados una solicitud de prórroga de la licenciada Lind Casado. Adujo que no le había sido posible localizar la información del caso al que se refería la queja, puesto que éste había tenido su inicio unos nueve a diez años antes. Además, expresó que era necesario el término adicional porque durante el mes siguiente iba a estar fuera de Puerto Rico.

El oficial investigador accedió a la solicitud y concedió una prórroga de cuarenta y cinco días. Sin embargo, la licenciada Lind Casado no expresó su posición en cuanto a la queja dentro de dicho plazo.

Transcurridos dos meses después de que finalizara el periodo de prórroga y sin tener noticia alguna de la licenciada Lind Casado, la Comisión de Ética del Colegio de Abogados compareció ante nos a informarnos de la situación y del impedimento que ella suponía para tramitar la queja. El 17 de noviembre de 2004 emitimos una resolu-

---

[1] Posteriormente sustituido por la Lcda. Milagros Martínez Mercado.

ción en la que le concedimos un término de diez días a la licenciada Lind Casado para que compareciera ante el Colegio de Abogados y respondiese a los requerimientos de éste. Añadimos que dentro de ese mismo plazo debía comparecer ante este Tribunal y expresar las razones por las cuales no debía ser disciplinada por su incomparecencia ante el Colegio. Además, le apercibimos de que su incumplimiento con nuestra resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

A pesar de que nuestra resolución fue notificada personalmente a la licenciada Lind Casado el 2 de diciembre de 2004, al día de hoy la abogada no ha comparecido.

## II

En el pasado hemos expresado claramente que los abogados tienen el deber de atender las comunicaciones del Colegio de Abogados de Puerto Rico relacionadas con investigaciones disciplinarias. *In re López López*, 149 D.P.R. 82, 84 (1999). De igual forma, en reiteradas ocasiones hemos resuelto que los abogados están obligados a responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra. *In re Negrón Negrón*, 163 D.P.R. 586 (2004); *In re Pérez Arroyo*, 160 D.P.R. 825 (2003); *In re Cintrón Cruz*, 155 D.P.R. 642 (2001). El incumplimiento con estos deberes tiene un efecto disruptivo sobre nuestra función reguladora. *In re Guemárez Santiago I*, 146 D.P.R. 27, 29 (1998); *In re Ríos Acosta I*, 143 D.P.R. 128, 135 (1997).

La naturaleza de las funciones de un abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, en especial cuando se trata de la conducta profesional. *In re Colón Torres*, 129 D.P.R. 490, 493–494 (1991). Al faltar a esa obligación y desatender nuestras órdenes en el curso de un procedimiento disciplinario, el

abogado revela una gran fisura en el buen carácter que debe exhibir todo miembro de la clase togada. Tal actitud implica falta de disciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, particularmente hacia este Foro y, por lo tanto, no tiene cabida en la profesión legal puertorriqueña. *In re Escalona Colón*, 149 D.P.R. 900, 901 (1999); *In re Salichs Martínez*, 131 D.P.R. 481, 490 (1992). De ahí que hayamos sido enfáticos en que la indiferencia de los abogados hacia las órdenes de este Tribunal acarrea la imposición de sanciones disciplinarias severas. *In re Negrón Negrón*, supra; *In re Pérez Arroyo*, supra; *In re López López*, supra; *In re Arroyo Rivera*, 148 D.P.R. 354, 358 (1999); *In re Ríos Acosta II*, 139 D.P.R. 359, 360 (1995).

### III

La licenciada Lind Casado fue notificada oportunamente de que se había presentado una queja en su contra. No se aprestó a contestar dicha queja sino que, por el contrario, pidió una prórroga y luego no se comunico más con el Colegio de Abogados. Meses después, y tras notificársele nuestra resolución, en la que se le ordenaba que compareciera tanto ante el Colegio de Abogados como ante nosotros, la licenciada Lind Casado persistió en guardar total silencio e ignorar nuestros requerimientos. Dicha actuación demuestra un total desinterés por parte de la licenciada Lind Casado en observar las normas éticas de nuestra profesión.

Por ello, y según le apercibimos en nuestra Resolución de 17 de noviembre de 2004, *procede su suspensión inmediata e indefinida de la abogacía. Se le impone el deber de notificar a todos sus clientes de su suspensión y consiguiente inhabilidad para continuar representándolos. Deberá también devolverles sus expedientes y los honorarios*

*correspondientes por trabajos no realizados. Además, deberá notificar oportunamente su suspensión a los distintos foros judiciales y administrativos del país. Por último, deberá certificar a este Tribunal el cumplimiento de estos deberes dentro del término de treinta días, notificando también al Procurador General de Puerto Rico. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial de la abogada suspendida para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.*

*Se dictará sentencia de conformidad.*