*In re* JUAN CARLOS RÍOS PÉREZ.

*Número:* AB-2005-12          *Resuelto:* 24 de marzo de 2006

*Salvador J. Antonetti Stutts*, procurador general, y *Noemí Rivera De León*, procurador general auxiliar, querellantes; *Hon. Carlos de J. Rivera Marrero*, juez superior, Sala de Bayamón; *Juan C. Ríos Pérez*, abogado querellado que comparece por derecho propio.

PER CURIAM: Juan Carlos Ríos Pérez fue admitido al ejercicio de la profesión el 15 de enero de 1987.

El 14 de diciembre de 2004 el juez superior Carlos De J. Rivera Marrero refirió a nuestra atención siete documentos para que a base de ellos determinásemos si el licenciado Ríos Pérez había incurrido en violaciones a los Cáno-

nes 1, 9, 12, 18 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El 18 de marzo de 2005 remitimos este asunto al Procurador General de Puerto Rico para la correspondiente evaluación e informe.

Desde el 23 de marzo de 2005 hasta el 22 de junio de ese año el Procurador General realizó varias gestiones para comunicarse con Ríos Pérez, recabándole que enviara sus comentarios en torno a los documentos remitidos por el juez Rivera Marrero. Todas las gestiones fueron infructuosas. Ríos Pérez no contestó ninguna de las tres cartas sobre este asunto que le envió el Procurador General por correo certificado con aviso de recibo.

Así las cosas, el 30 de junio de 2005 el Procurador General compareció ante nos y mediante un informe nos expuso el incumplimiento de Ríos Pérez relatado en el párrafo anterior. En atención a la referida comparecencia del Procurador General, el 28 de julio de 2005 emitimos una resolución, que se le notificó personalmente, mediante la cual le concedimos un término a Ríos Pérez para expresarse sobre el Informe del Procurador General. Se le apercibió que su incumplimiento con lo dispuesto en dicha resolución conllevaría severas sanciones disciplinarias.

Ríos Pérez entonces compareció ante nos y solicitó una prórroga de treinta días para contestar la resolución referida. El 6 de octubre de 2005 le concedimos la prórroga. Han pasado más de cuatro meses desde que venció la prórroga para responder a nuestra Resolución de 28 de julio de 2005 sin que haya comparecido ante nos para cumplir con lo que se le había requerido.

I

Reiteradamente hemos resuelto que los abogados tienen la obligación de responder diligentemente a los requerimientos de este Tribunal en relación a una queja presentada en su contra. Hemos indicado que el incumplimiento con esta obligación acarrea la imposición de las más severas sanciones. *In re García Enchautegui*, 164

D.P.R. 740 (2005); *In re Lind Casado I*, 164 D.P.R. 513 (2005); *In re Quiñones Cardona*, 164 D.P.R. 217 (2005); *In re Negrón Negrón*, 163 D.P.R. *586* (2005); *In re Surillo Ascar*, 163 D.P.R. 445 (2004).

■ Igualmente hemos reiterado que los abogados deben atender diligentemente los requerimientos del Procurador General en relación con la investigación de quejas presentadas contra ellos, y que no hacerlo constituye de por sí una violación a la ética profesional que acarrea graves sanciones. *In re Ortiz Álvarez*, 163 D.P.R. 245 (2004); *In re Vilanova Alfonso*, 159 D.P.R. 167 (2003).

En el caso de autos, Ríos Pérez desatendió los requerimientos del Procurador General en tres ocasiones. Incumplió también con su obligación de responder diligentemente a una orden nuestra, a pesar de que incluso le concedimos una prórroga para hacerlo. Es evidente de todo lo anterior que Ríos Pérez no tiene interés en continuar siendo miembro de la abogacía en Puerto Rico. Por ende, *se decreta la separación inmediata e indefinida de Juan Carlos Ríos Pérez del ejercicio profesional. Se le impone a Juan Carlos Ríos Pérez el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión "per puriam" y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*