*In re* JUAN CARLOS GRAU DÍAZ.

*Número:* TS-8527          *Resuelto:* 29 de marzo de 2006

398

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Juan C. Grau Díaz*, abogado querellado que comparece por derecho propio.

PER CURIAM:

I

El Lcdo. Juan Carlos Grau Díaz fue admitido al ejercicio de la profesión el 14 de enero de 1987.

El 23 de agosto de 2004 la Directora de la Oficina de Inspección de Notarías nos sometió un informe en el que detalló una serie de deficiencias serias que existían en la obra notarial de Grau Díaz. El 3 de diciembre de 2004 emitimos una resolución y le concedimos un término a Grau Díaz para corregir las deficiencias notariales referidas.

Varias semanas luego de haber vencido el término concedido a Grau Díaz sin que hubiese cumplido con lo dispuesto en nuestra Resolución de 3 de diciembre de 2004, compareció ante nos y solicitó una prórroga. El 15 de marzo de 2005 le concedimos la prórroga solicitada.

Así las cosas, el 13 de mayo de 2005 le concedimos una segunda prórroga a Grau Díaz para cumplir con la resolución pendiente, luego de que éste la solicitara por no haber podido cumplir con el término anterior.

Entonces, el 25 de agosto de 2005, compareció la Directora de la Oficina de Inspección de Notarías para informarnos que a pesar de las dos prórrogas que le habíamos con-

cedido a Grau Díaz para ello, éste no había realizado gestión alguna para corregir las deficiencias notariales en cuestión. En vista de ello, el 31 de octubre de 2005 le concedimos un término final a Grau Díaz para cumplir con lo dispuesto en nuestra Resolución de 3 de diciembre de 2004, y le apercibimos que su incumplimiento con este término final conllevaría severas sanciones, incluso su separación del ejercicio de la abogacía.

A pesar del apercibimiento, Grau Díaz no cumplió. Compareció ante nos tardíamente y nos informó, entre otras cosas, que se encontraba residiendo y trabajando fuera de Puerto Rico. Solicitó otra prórroga más para cumplir con la obligación notarial que tenía pendiente, la cual le concedimos mediante la Resolución de 23 de diciembre de 2005.

La cuarta prórroga venció hace más de dos meses y no hemos sabido nada más de Grau Díaz.

## II

Reiteradamente hemos resuelto que los abogados tienen la responsabilidad de cumplir diligentemente las órdenes y requerimientos de este Tribunal. Hemos insistido una y otra vez que el incumplimiento con este deber conllevará la suspensión del ejercicio profesional. *In re Ríos Pérez*, 167 D.P.R. 386 (2006); *In re García Enchautegui*, 164 D.P.R. 740 (2005); *In re Lind Casado I*, 164 D.P.R. 513 (2005); *In re Quiñones Cardona*, 164 D.P.R. 217 (2005); In re *Negrón Negrón*, 163 D.P.R. 586 (2004); *In re Surillo Ascar*, 163 D.P.R. 445 (2004).

En el caso de autos, Grau Díaz ha fallado crasamente con el deber aludido. Sus continuos incumplimientos con los numerosos requerimientos de este Tribunal reflejan que no le interesa continuar ejerciendo la abogacía. Por ende, *se le suspende indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a Juan Carlos Grau Díaz el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados y de infor-*

*mar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión* per curiam *y su sentencia. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y el sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*