*In re* MARÍA J. DELIZ TERRÓN, querellada.

*Número:* AB-2005-138        *Resuelto:* 3 de mayo de 2006

*Minerva Rivera*, querellante.

PER CURIAM: María J. Deliz Terrón fue admitida al ejercicio de la abogacía el 23 de agosto de 1989.

El 14 de julio de 2005, la Secretaría del Tribunal Supremo le envió una carta a la licenciada Deliz Terrón en la

que le informó que se había presentado en el Tribunal una queja en su contra y requirió que compareciera dentro del término de diez días para contestar la queja referida.

La carta mencionada antes fue enviada por correo certificado a la dirección que la abogada tenía registrada en el Tribunal Supremo. Dicha carta fue *devuelta* por el correo, porque no era ya la dirección de la abogada. *Evidentemente la licenciada Deliz Terrón había cambiado su dirección sin notificárselo al Tribunal, en violación del deber que impone la Regla 9(j) del Reglamento del Tribunal Supremo*, 4 L.P.R.A. Ap. XXI-A.

El 7 de septiembre de 2005, un alguacil del Tribunal logró notificar personalmente a la licenciada Deliz Terrón la carta de la Secretaria del Tribunal referida antes, luego de que la abogada fuese localizada en otra dirección. No obstante tal notificación, la licenciada Deliz Terrón hizo caso omiso al requerimiento de la Secretaria formulado en la carta aludida. No contestó la carta.

En vista de lo anterior, el 17 de octubre de 2005 emitimos una resolución para concederle un término de diez días a la licenciada Deliz Terrón para comparecer ante nos y contestar la queja que tenía pendiente. En esa resolución apercibimos a la abogada de que su incumplimiento con lo que se ordenaba allí conllevaría sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión.

La resolución referida le fue notificada a la licenciada Deliz Terrón personalmente el 28 de octubre de 2005 por un alguacil del Tribunal. Pasados ya varios meses desde que venció el término que se le había concedido en la resolución a la licenciada Deliz Terrón, ésta no ha comparecido ante nos. Por segunda vez ha hecho caso omiso a un requerimiento del Tribunal con relación a una queja en su contra.

I

Surge de lo anterior que el procedimiento disciplinario iniciado por una queja en su contra hace varios me-

ses todavía sigue pendiente sin trámite alguno por la inacción de la licenciada Deliz Terrón. Con la referida conducta, ésta ha logrado dilatar dicho procedimiento considerablemente, en violación a su deber de responder expeditamente a requerimientos sobre el particular. Reiteradamente hemos señalado que los abogados deben una meticulosa atención y obediencia a las órdenes que reciben en los procedimientos sobre su conducta profesional, para que éstos se tramiten con prontitud y diligencia. Una conducta como la desplegada aquí por Deliz Terrón obstaculiza y debilita la función reguladora de la profesión y ello, por sí solo, acarrea las más graves sanciones. *In re Otero Fernández*, 145 D.P.R. 582 (1998); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Melecio Morales*, 144 D.P.R. 824 (1998).

Por otro lado, la licenciada Deliz Terrón ha hecho caso omiso a una resolución de este Tribunal, violando así su deber de acatar rigurosamente las órdenes del Tribunal Supremo. Desatenderlas acarrea la imposición de sanciones severas. *In re Quiñones Cardona*, 164 D.P.R. 217 (2005); *In re Lind Casado I*, 164 D.P.R. 513 (2005); *In re Morales Lozada*, 164 D.P.R. 748 (2005); *In re González Carrasquillo*, 164 D.P.R. 813 (2005).

Finalmente, Deliz Terrón ha cometido otra violación grave a sus deberes profesionales. Reiteradamente hemos insistido en que los abogados deben cumplir con la obligación que les impone la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*, de notificar cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. Una y otra vez hemos señalado que el incumplimiento con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es por sí solo razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. *In re Oliveras López de Victoria*, 166 D.P.R. Ap. (2005); *In re Torres Sepúlveda*, 163 D.P.R. 627 (2004); *In re Santiago Rodríguez*, 160 D.P.R. 245 (2003); *In re Pérez Olivo*, 155 D.P.R. 887 (2001); *In re Santiago Méndez*, 141 D.P.R. 75 (1996); *In re Morales*

*y Rubin*, 139 D.P.R. 44 (1995); *In re Serrallés III*, 119 D.P.R. 494 (1987).

## II

En resumen, pues, Deliz Terrón ha incumplido con varios deberes que tenía como abogada. En particular, ha obstaculizado de varias formas el ejercicio de nuestra jurisdicción disciplinaria. Es evidente por ello que no le interesa continuar siendo miembro de la profesión de abogado y notario en Puerto Rico.

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida de María J. Deliz Terrón del ejercicio profesional. Se le impone a María J. Deliz Terrón el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *per curiam* y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico de la abogada suspendida y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

*Se dictará una sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.