En dos ocasiones, el 21 de febrero de 2006 y el 20 de abril de 2006, el Procurador General de Puerto Rico le no-tificó al Ledo. Hernán Irizarry Maldonado, mediante un correo certificado con acuse, que tenía una queja ética pre-sentada en su contra en la Oficina del Procurador General. *307 En ambas comunicaciones se le solicitaba al licenciado Iri-zarry que reaccionara a la queja en cuestión.
El licenciado Irizarry no contestó las comunicaciones aludidas del Procurador General, por lo que éste nos in-formó sobre el particular mediante la moción informativa correspondiente el 14 de agosto de 2006.
El 29 de agosto de 2006 emitimos una resolución para concederle un término de diez días al licenciado Irizarry para que respondiese a los requerimientos del Procurador General. Lo apercibimos, además, de que el incumpli-miento con dicha resolución conllevaría “sanciones discipli-narias severas, incluyendo la suspensión del ejercicio de la profesión”. Esta resolución le fue notificada personalmente al licenciado Irizarry por un alguacil del Tribunal el 6 de septiembre de 2006.
A la fecha de hoy el licenciado Irizarry no ha compare-cido ante nos para contestar la resolución mencionada. Tampoco ha comparecido de modo alguno ante el Procura-dor General. Ha hecho caso omiso de la resolución aludida.
i — I
 Reiteradamente hemos insistido en el deber inelu-dible que tiene todo abogado admitido a la profesión de contestar los requerimientos del Procurador General. In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Arroyo Rivera, 148 D.P.R. 354 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998).
Igualmente hemos insistido reiteradamente en que los abogados tienen la responsabilidad de cumplir diligente-mente con las órdenes y los requerimientos de este Tribunal. Hemos insistido una y otra vez que el incumpli-miento con este deber, conllevará la suspensión del ejerci-cio profesional. In re Grau Díaz, 167 D.P.R. 397 (2006); In re Ríos Pérez, 167 D.P.R. 386 (2006); In re García Enchau- *308 tegui, 164 D.P.R. 740 (2005); In re Lind Casado I, 164 D.P.R. 513 (2005); In re Quinones Cardona, 164 D.P.R. 217 (2005); In re Negrón Negron, 163 D.P.R. 586 (2005); In re Surillo Asear, 163 D.P.R. 445 (2004).
En este caso, Irizarry Maldonado ha fallado crasamente con los deberes aludidos. Sus continuos incumplimientos con los numerosos requerimientos del Procurador General y con las órdenes de este Tribunal reflejan que no le interesa continuar ejerciendo la abogacía. Por ende, se le suspende indefinidamente del ejercicio de la abogacía y la notaría.
Se le impone a Hernán Irizarry Maldonado el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios re-cibidos por trabajos no realizados e informar oportuna-mente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá acreditar a este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tar la obra y sello notarial del abogado suspendido y entre-garlos a la Directora de la Oficina de Inspección de Nota-rías para la investigación e informe correspondientes.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Aso-ciada Señora Rodríguez Rodríguez no intervinieron.