per curiam:
El Ledo. Frank Rodríguez Calderón fue ad-mitido al ejercicio de la abogacía el 2 de febrero de 1990 y al ejercicio de la notaría el 29 de mayo de 1990.
El 15 de marzo de 2005 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra el licenciado Rodríguez Calderón. Conforme el procedimiento establecido, la Comisión de Ética del Colegio de Abogados envió una copia de la queja al licenciado Rodríguez Calde-rón requiriendo su posición al respecto. El 21 de junio de 2005 el licenciado Rodríguez Calderón presentó su contes-tación a la queja presentada.
Luego de varios trámites procesales, la Comisión de Ética señaló una vista en su fondo para el 31 de enero de 2006. A la vista compareció el querellante, mas el licen-ciado Rodríguez Calderón no compareció. Mediante una co-municación de 6 de febrero de 2006, éste notificó a la Co-misión las razones para su incomparecencia. Ante tal situación, la vista en su fondo fue señalada nuevamente para el 23 de mayo de 2006. En dicha ocasión el licenciado Rodríguez Calderón tampoco compareció. En vista de ello, la Comisión de Ética emitió una resolución en la que le requirió que mostrara causa por su incomparecencia. El licenciado Rodríguez Calderón no cumplió. Por tal razón, el Colegio de Abogados compareció ante nos el 29 de agosto de 2006 para solicitar nuestra intervención.
Mediante Resolución de 12 de diciembre de 2006, noti-ficada personalmente por un alguacil del Tribunal, le orde-namos al licenciado Rodríguez Calderón que respondiera los requerimientos del Colegio de Abogados y compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no responder. Además le aperci-bimos que incumplir con lo ordenado podría conllevar san-ciones disciplinarias severas, incluso su suspensión del ejercicio de la profesión.
El 10 de enero de 2007 el licenciado Rodríguez Calderón presentó una “Moción en Cumplimiento de Orden”, en la *311 que expresó las circunstancias que le impidieron compare-cer a la vista en su fondo y atender los requerimientos del Colegio de Abogados. En vista de ello, el 14 de febrero de 2007 le concedimos, mediante una Resolución, un término de quince días para que nos informara si había compare-cido al Colegio de Abogados.
El 7 de junio de 2007 el Colegio de Abogados compareció ante nos para informarnos que el licenciado Rodríguez Cal-derón no había contestado sus requerimientos a pesar de la orden de este Tribunal para que lo hiciera. Hoy, el término concedido ha transcurrido y el licenciado Rodríguez Calde-rón no ha comparecido ni ha solicitado una prórroga para comparecer ante el Colegio de Abogados o ante nos, en in-cumplimiento con nuestra Resolución de 14 de febrero de 2007.
Hemos expresado reiteradamente que los abogados tienen la obligación de responder con diligencia a las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se presentan en su contra. In re Guede Mijares, 159 D.RR. 396 (2003); In re Pérez Brasa, 155 D.P.R. 813 (2001). El incumplimiento por parte de un abogado con nuestras órdenes o con los requerimientos del Colegio de Abogados conlleva la imposición de sanciones disciplinarias severas. In re García Enchautegui, 164 D.P.R. 740 (2005); In re Torres Torregrosa, 161 D.P.R. 66 (2004).
Desatender las comunicaciones relacionadas con los procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). El Canon 12 del Código de Ética Profesional exige “desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones” en la tramitación de las causas. 4 L.P.R.A. Ap. IX. Este deber profesional “se extiende no sólo a la esfera de la litigación de causas sino a *312 la jurisdicción disciplinaria de este foro”. In re Ríos Acosta I, supra, pág. 135.
Asimismo, constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el incumplir las órdenes y los requerimientos de este Tribunal. Este canon establece el deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye el estricto cumplimiento con las órdenes y resoluciones de este Tribunal relacionadas con el ámbito de la conducta profesional. In re Moreno Franco, 166 D.P.R. 787 (2006); In re Salichs Martínez, 131 D.P.R. 481 (1992).
De la misma forma, hemos expresado que todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Colón Rivera, 170 D.P.R. 440 (2007); In re Negrón Negrón, 163 D.P.R. 586 (2004).
En el caso de autos el licenciado Rodríguez Calderón ha hecho caso omiso a nuestra Resolución del 14 de febrero de 2007 y a los requerimientos del Colegio de Abogados rela-cionados con la queja presentada en su contra. Su conducta ha ocasionado que la investigación que lleva a cabo la Co-misión de Ética del Colegio de Abogados no haya podido concluir debido a su incomparecencia a las vistas señaladas. Con tal proceder, el licenciado Rodríguez Calde-rón ha ignorado las obligaciones que tiene como miembro de la profesión jurídica. Es evidente que no tiene gran in-terés en continuar siendo miembro de la profesión.
Por los fundamentos antes expresados, ordenamos la se-paración inmediata e indefinida del ejercicio de la abogacía del Ledo. Frank Rodríguez Calderón a partir de la notifi-cación de la presente opinión per curiam.
Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, devolverles cualesquiera honorarios reci- *313 bidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de Rodríguez Calderón y entregarlos a la Directora de la Oficina de Inspección de Notarías para la co-rrespondiente investigación e informe.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Aso-ciada Señora Rodríguez Rodríguez no intervinieron.