per curiam:
El 29 de diciembre de 1976 Luis Rodríguez *346 Bigas fue admitido al ejercicio de la abogacía y el 17 de enero de 1977 fue admitido al ejercicio de la notaría.
El 18 de mayo de 2006 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra el licenciado Rodríguez Bigas. Conforme el procedimiento es-tablecido, la Comisión de Ética del Colegio de Abogados envió una copia de la queja al licenciado Rodríguez Bigas y le requirió su posición al respecto. En cuatro ocasiones se le requirió al licenciado Rodríguez Bigas su contestación a la queja interpuesta.
Todas las gestiones realizadas resultaron infructuosas, ya que éste no contestó ninguno de los requerimientos. En vista de ello, el Colegio de Abogados compareció ante nos el 26 de enero de 2007 para solicitar nuestra intervención.
Mediante la Resolución de 29 de marzo de 2007, notifi-cada personalmente por un alguacil del Tribunal, le orde-namos al licenciado Rodríguez Bigas que contestara los re-querimientos del Colegio de Abogados y compareciera ante este Tribunal para exponer las razones por las cuales no debía ser disciplinado por no responder a dichos requerimientos. Además, le apercibimos que incumplir con lo ordenado podría conllevar sanciones disciplinarias seve-ras, incluyendo su suspensión del ejercicio de la profesión.
El 7 de junio de 2007 el Colegio de Abogados compareció ante nos para informarnos que el licenciado Rodríguez Bi-gas no había contestado a sus requerimientos, a pesar de haberle ordenado este Tribunal que lo hiciera. Hoy, el tér-mino concedido ha transcurrido y el licenciado Rodríguez Bigas no ha comparecido ni ha solicitado una prórroga para comparecer, ni al Colegio de Abogados ni ante nos, incumpliendo así con nuestra Resolución de 29 de marzo de 2007.
Hemos expresado reiteradamente que los abogados tienen la obligación de responder con diligencia a las órdenes de este Tribunal así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se pre- *347 sentan en su contra. In re Guede Mijares, 159 D.P.R. 396 (2003); In re Pérez Brasa, 155 D.P.R. 813 (2001). El incumplimiento por parte de un abogado con nuestras órdenes o con los requerimientos del Colegio de Abogados conlleva la imposición de severas sanciones disciplinarias. In re García Enchautegui, 164 D.P.R. 740 (2005); In re Torres Torregrosa, 161 D.P.R. 66 (2004).
Desatender las comunicaciones relacionadas con los procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997). El Canon 12 del Código de Ética Profesional exige “desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones” en la tramitación de las causas. 4 L.P.R.A. Ap. IX. Este deber profesional “se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro”. In re Ríos Acosta, supra, pág. 135.
Asimismo, constituye una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, incumplir las órdenes y los requerimientos de este Tribunal. Este canon establece el deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye al estricto cumplimiento con las órdenes y las resoluciones de este Tribunal relacionadas con nuestra jurisdicción disciplinaria. In re Moreno Franco, 166 D.P.R. 787 (2006); In re Salichs Martínez, 131 D.P.R. 481 (1992).
Igualmente, hemos expresado que todo abogado tiene la ineludible obligación de responder prontamente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Colón Rivera, 170 D.P.R. 440 (2007); In re Negrón Negrón, 163 D.P.R. 586 (2004).
En el caso de autos el licenciado Rodríguez Bigas ha *348 desatendido los múltiples requerimientos del Colegio de Abogados relacionados con la queja presentada en su contra. Además, ha hecho caso omiso a nuestra Resolución de 29 de marzo de 2007. Con tal proceder el licenciado Rodríguez Bigas ha ignorado las obligaciones que tiene como miembro de la profesión jurídica. El incumplimiento del licenciado Rodríguez Bigas demuestra indiferencia y menosprecio a nuestra autoridad disciplinaria. Resulta evidente que no tiene gran interés en continuar siendo miembro de la profesión.
Por los fundamentos antes expresados, ordenamos la se-paración inmediata e indefinida del ejercicio de la abogacía del Ledo. Luis Rodríguez Bigas, a partir de la notificación de la presente opinión per curiam.
Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, devolverles cualesquiera honorarios reci-bidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, a partir de la notificación de esta opinión per curiam y Sentencia.
El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de Rodríguez Bigas y entregarlos a la Direc-tora de la Oficina de Inspección de Notarías para la corres-pondiente investigación e informe.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López y la Juez Aso-ciada Señora Rodríguez Rodríguez no intervinieron.