EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2025 TSPR 69   |
|                            |                |
| Edgardo Rivera Rodríguez   | 216 DPR ___    |

Número del Caso:  TS-12,861


Fecha:  26 de junio de 2025


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director

      Lcda. Nilda Emmanuelli Muñiz
      Directora Interina


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por violación al Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | |
| Edgardo Rivera Rodríguez | TS-12,861 |

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de junio de 2025.

Nuevamente tenemos ante nuestra consideración la conducta de un profesional del Derecho que desatendió las órdenes de este Tribunal. Específicamente, al incumplir con los deberes que se derivan del Canon 9 del Código de Ética Profesional, *infra*. En consecuencia, por los fundamentos que enunciamos a continuación, ordenamos su suspensión inmediata e indefinida de la práctica de la abogacía y la notaría.

I

El Lcdo. Edgardo Rivera Rodríguez (licenciado Rivera Rodríguez) fue admitido al ejercicio de la abogacía el 13 de julio de 1999 y a la práctica de la notaría el 23 de diciembre del mismo año. El 22 de abril de 2025, la Oficina de Inspección de Notarías (ODIN) presentó un *Informe especial sobre incumplimiento de examen de obra protocolar y en solicitud de*

*remedios* respecto al licenciado Rivera Rodríguez. En síntesis, nos informó que, el 16 de agosto de 2023, la Lcda. Teresa Trujillo Ortiz, Inspectora de Protocolos y Notarías (inspectora de protocolos), encaminó un proceso de inspección ordinario para el examen de la obra protocolar del licenciado Rivera Rodríguez. No obstante, la ODIN señaló que, habiendo transcurrido poco más de un año y medio desde el inicio del proceso de la inspección, la aprobación de la obra examinada no había podido ser completada por razones atribuibles exclusivamente al letrado.

La ODIN acompañó como anejo un *Informe de deficiencias de la obra notarial del Lcd[o]. Edgardo Rivera Rodríguez, Notario Número 12861 (Regla 77(m) del RN)* en el cual se detalló que, luego de la reunión inicial del 16 de agosto de 2023, se fijaron seis (6) fechas para continuar el proceso de reinspección de la obra notarial del licenciado Rivera Rodríguez. Sin embargo, pese a las oportunidades conferidas al notario, los volúmenes segundo (Asientos 1,664 al 3,156), tercero (Asientos 3,157 al 5,728) y cuarto (Asientos 5779 al 7193) del *Libro de Registro de Testimonios*, no pudieron ser aprobados debido a serias deficiencias. Según la referida dependencia, las deficiencias incluían: la comparecencia de partes otorgantes sin identificar; ausencia del mecanismo utilizado para identificar a la parte otorgante; uso de tinta correctiva en los asientos registrados; asientos omitidos cuyo número no fue utilizado; omisión de asientos registrados en su

*Informe de Actividad Notarial* en el tomo físico del libro; y la necesidad de enmendar múltiples informes notariales.

Además, la ODIN informó que detectó deficiencias arancelarias en el *Libro de Registro de Testimonios* que ascendían preliminarmente a $10.00. Igualmente, expresó que el notario no había rendido los *Informes de Actividad Notarial Mensual* desde febrero de 2024, ni los *Informes Estadísticos de Actividad Notarial Anual* correspondientes a 2023 y 2024.[1] Añadió que el licenciado Rivera Rodríguez tampoco se comunicó con la inspectora de protocolos para actualizar el estado de las correcciones de su obra notarial.

De igual forma, la ODIN confirmó que el licenciado Rivera Rodríguez adeudaba los *Informes de Actividad Notarial Mensual* correspondientes a diciembre de 2016 y a los meses de enero a marzo, junio a julio y septiembre a octubre de 2017. Además, sostuvo que, contrario a los mejores principios del ejercicio de la profesión, se vio obligada a enmendar veintitrés (23) informes notariales correspondientes a los meses de marzo de 2022 a enero de 2024. Por último, informó que el letrado no había presentado prueba acreditativa del pago de su fianza notarial para el periodo comprendido entre el 19 de septiembre de 2023 al 19 de septiembre de 2025.

Ante estos señalamientos, el 30 de abril de 2025, emitimos una *Resolución* en la que ordenamos la incautación de la obra

---

[1] La ODIN señaló que, el 17 de diciembre de 2014, dictó una *Resolución* en la que censuró al licenciado Rivera Rodríguez por adeudar los *Informes de Actividad Notarial Mensual* correspondientes a los meses de septiembre de 2010 y abril de 2012 a noviembre de 2014. También, la ODIN nos informó que el referido letrado incumplió con remitir sus *Informes Estadísticos de Actividad Notarial Anual* de los años naturales 2008 y 2010 al 2013.

protocolar y del sello notarial del licenciado Rivera Rodríguez. A su vez, le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría, así como treinta (30) días para subsanar su obra notarial, rendir los *Informes de Actividad Notarial Mensual* adeudados y acreditar el pago de la fianza notarial.

Así pues, vencido el término de diez (10) días sin que el licenciado Rivera Rodríguez compareciera, el 16 de mayo de 2025 emitimos otra *Resolución*, mediante la cual se le concedió un término final hasta el 30 de mayo de 2025 para que cumpliera con nuestra orden de mostrar causa. Además, le recordamos que debía cumplir con lo ordenado en la *Resolución* del 30 de abril de 2025.

El 13 de junio de 2025, la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios*. Mediante esta, informó que recibió un correo electrónico del licenciado Rivera Rodríguez, quien atribuyó su incumplimiento a un deterioro de salud física y emocional, sin presentar prueba a tales efectos.[2] Además, mencionó en su moción que el letrado unió al referido correo electrónico, prueba del pago de la fianza notarial para el periodo requerido. No obstante, la ODIN señaló que el licenciado Rivera Rodríguez no se comunicó con la inspectora de protocolos para

---

[2] El licenciado Rivera Rodríguez aclaró en la misiva que, debido al deterioro de salud, tomó la decisión de retirarse del ejercicio de la abogacía y la notaría.

iniciar el proceso de subsanación de la obra protocolar y que tampoco presentó los informes mensuales y anuales adeudados.

A la luz del cuadro fáctico reseñado, del cual surge reiterado incumplimiento con nuestras órdenes, procedemos a sancionarle conforme al estado de Derecho que examinaremos a continuación.

## II

Nuestro poder inherente para regular la profesión legal nos obliga a promover que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente. *In re Pérez Fernández*, 213 DPR 950 (2024); *In re Malavé León*, 211 DPR 971 (2023).

Particularmente, el Canon 9 del Código de Ética Profesional dispone que los miembros de la profesión "deben observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. De este modo, hemos reiterado que las abogadas y los abogados tienen el "deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un serio desafío a nuestra autoridad". *In re Pérez Fernández*, *supra*, pág. 957; *In re Malavé León*, *supra*, pág. 977.

De igual forma, el deber de cumplimento y diligencia también se extiende a los requerimientos de nuestros brazos operacionales, como la ODIN. *In re Bermúdez Tejero*, 206 DPR 86 (2021). En ese sentido, hemos sostenido que los notarios y las notarias tienen la obligación de subsanar diligentemente las deficiencias que la ODIN les notifique. *In re Pérez Fernández,*

*supra*; *In re Franco Rivera*, 197 DPR 628 (2017). Por tanto, tienen el deber de asumir un rol activo para cumplir con el proceso de subsanación. *In re Vázquez González*, 194 DPR 688 (2016).

En consecuencia, desatender y menospreciar los requerimientos de este Tribunal y de nuestras dependencias representa una crasa violación al Canon 9 del Código de Ética Profesional, *supra*. Su incumplimiento constituye causa suficiente para la imposición de sanciones disciplinarias severas, como la separación indefinida de la profesión. *In re González Reyes*, 212 DPR 229 (2023); *In re Salas González*, 193 DPR 387 (2015); *In re Grau Díaz*, 167 DPR 397 (2006); *In re Corujo Collazo*, 149 DPR 857 (1999).

**III**

De los hechos reseñados surge que el licenciado Rivera Rodríguez ha incumplido reiteradamente con nuestras órdenes y con los requerimientos de la ODIN. Destacamos que la coordinación para encaminar el proceso de subsanación de la obra notarial del letrado comenzó el 16 de agosto de 2023 y, aún hoy, no ha sido completada.

El licenciado Rivera Rodríguez solo presentó prueba acreditativa del pago de la fianza notarial para el periodo que discurre desde el 19 de septiembre de 2023 hasta el 19 de septiembre de 2025. Sin embargo, no ha presentado los informes mensuales y anuales adeudados. Además, según el informe de la ODIN, el letrado no ha mantenido comunicación con la inspectora de protocolos, ni con el personal de la ODIN, para iniciar el

proceso de corrección de la obra notarial. Tampoco ha comparecido ante este Tribunal, a pesar de múltiples oportunidades para mostrar causa.

El comportamiento del licenciado Rivera Rodríguez, sin lugar a duda, denota un claro menosprecio a nuestra autoridad, por lo que implica una crasa violación al Canon 9 del Código de Ética Profesional, *supra*. El patrón de abandono desplegado por el letrado demuestra su falta de interés en continuar ejerciendo la profesión legal. Por tanto, procede decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Edgardo Rivera Rodríguez del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal, dentro del término conferido, el cumplimiento con lo anterior. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera

conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Asimismo, en virtud de su suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otro lado, se le concede un término de sesenta (60) días, contados a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*, para subsanar a sus expensas todas las deficiencias señaladas por la ODIN en el *Informe especial sobre incumplimiento en el proceso ordinario de examen de obra protocolar y en solicitud de remedio,* sobre los Volúmenes Segundo, Tercero y Cuarto de los Libros de Registro de Testimonios. Además, dentro del referido término de sesenta (60) días, deberá presentar los *Informes Estadísticos de Actividad Notarial Anual* y los *Informes de Actividad Notarial Mensual* adeudados. Se apercibe al licenciado Rivera Rodríguez que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Del mismo modo, de no subsanar la deuda arancelaria de $10.00 será referido al Departamento de Justicia para el trámite correspondiente.

Se dictará *Sentencia* en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re:* | |
| Edgardo Rivera Rodríguez | TS-12,861 |

SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión inmediata e indefinida del Lcdo. Edgardo Rivera Rodríguez del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, se le ordena al Lcdo. Rivera Rodríguez que, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*, notificar a todos sus clientes de su incapacidad para continuar con su representación, devolver los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, e informar de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal, dentro del término conferido, el cumplimiento con lo anterior. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Asimismo, en virtud de su suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

TS-12,861

Por otro lado, se le concede un término de sesenta (60) días, contados a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*, para subsanar a sus expensas todas las deficiencias señaladas por la Oficina de Inspección de Notarías en el *Informe especial sobre incumplimiento en el proceso ordinario de examen de obra protocolar y en solicitud de remedio,* sobre los volúmenes segundo, tercero y cuarto de los *Libros de Registro de Testimonios*. Además, dentro del referido término de sesenta (60) días, deberá presentar los *Informes Estadísticos de Actividad Notarial Anual* y los *Informes de Actividad Notarial Mensual* adeudados. Se apercibe al Lcdo. Rivera Rodríguez que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Del mismo modo, de no subsanar la deuda arancelaria de $10.00 será referido al Departamento de Justicia para el trámite correspondiente.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez no intervino.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo