COLEGIO DE ABOGADOS DE PUERTO RICO, querellante, *v.* RAMÓN R. PIZZINI ARNOTT, querellado.

*Número:* 10,770          *Resuelto:* 14 de junio de 2002

*Israel Pacheco Acevedo*, secretario ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados de Puerto Rico.

PER CURIAM: Nos enfrentamos nuevamente con una conducta impropia e inaceptable para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento con las órdenes que este Tribunal dicta a los abogados durante el trámite de un procedimiento disciplinario iniciado en su contra. Por este motivo nos corresponde actuar, en el ejercicio de nuestra jurisdicción disciplinaria.

I

El 13 de agosto de 2001 el Colegio de Abogados de Puerto Rico presentó una Moción Informativa ante esta Curia en la que expuso que el aquí querellado, Lcdo. Ramón R. Pizzini Arnott, mantenía al descubierto su fianza notarial,[1] la cual había vencido desde enero de ese año. Solicitó que se cancelara la fianza prestada por el referido letrado.

En atención a la moción informativa arriba reseñada, emitimos una Resolución el 27 de septiembre de 2001 en la que le concedimos un término de veinte (20) días, a partir de la notificación de ésta, para que mostrara causa por la cual no debería ser suspendido como notario. Se le apercibió que el incumplimiento con la referida orden conllevaría la suspensión del ejercicio de la notaría y podría dar lugar a la imposición de sanciones disciplinarias adicionales. La orden fue notificada el 3 de octubre de 2001. El querellado

---

[1] El Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011, dispone, en su parte pertinente, lo siguiente:

"Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercerla sin tener prestada y vigente una fianza por una suma no menor de quince mil (15,000) dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio ....

"La fianza deberá ser renovada anualmente y aprobada por el Tribunal Supremo de Puerto Rico, el que pasará sobre su suficiencia en cuanto a las hipotecarias, las cuales deberán inscribirse en el registro de la propiedad correspondiente, antes de su aprobación final."

no compareció. Ante esa situación, el 24 de octubre de 2001 emitimos una nueva resolución, en la que le concedimos un término de diez (10) días para cumplir con nuestra orden de 27 de septiembre de 2001. Se ordenó la notificación personal al querellado y se le apercibió sobre las consecuencias de su incumplimiento.

El 28 de febrero de 2002 el Sr. Edgardo Vargas Santana, Alguacil Auxiliar del Tribunal Supremo, intentó diligenciar la orden al querellado, pero su señora madre le informó que este último residía en Estados Unidos. Así las cosas, la Secretaria del Tribunal Supremo notificó la orden, mediante correo certificado con acuse de recibo, a la dirección que le había brindado la progenitora del querellado. La orden fue recibida el 8 de marzo de 2002, según consta en el acuse de recibo. El querellado tampoco compareció para cumplir con lo ordenado. Ante ese cuadro fáctico, resolvemos sin ulteriores procedimientos.

## II

Los abogados están obligados a responder de manera diligente a los requerimientos de esta Curia, en especial si se trata de un procedimiento disciplinario.[2] Este deber existe y obliga al abogado sin importar los méritos que pueda tener la querella investigada.[3] La conducta obstinada e incomprensible de los miembros de la profesión jurídica de no responder a nuestras órdenes nos ha llevado a imponerle a los querellados sanciones drásticas.[4]

La razón de ser para la imposición de estas sanciones es que la función inherente de los abogados los obliga a atender de manera escrupulosa las órdenes de esta Curia y a obedecer nuestras disposiciones.[5] A este respecto, nos ex-

---

[2] *In re Ron Menéndez*, 149 D.P.R. 105 (1999).

[3] Íd.

[4] *In re Soto Colón*, 155 D.P.R. 623 (2001).

[5] *In re Santiago Méndez*, 129 D.P.R. 696 (1991).

presamos en *In re Santiago Méndez*, 129 D.P.R. 696 (1991), citando a *In re Colón Torres*, 129 D.P.R. 490, 493-494 (1991) de la manera siguiente:

"Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere *una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata.* Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada. *In re Pagán Ayala*, 115 D.P.R. 814 (1984). Con demasiada frecuencia innumerables miembros de la profesión arriesgan sus títulos con la actitud de dejadez y desidia que demuestran. *En muchas más ocasiones que las deseables, simples amonestaciones se convierten en suspensiones indefinidas por la testarudez y contumacia de los abogados que no cumplen con nuestras órdenes.*" (Énfasis en el original.)[6]

## III

En el caso ante nuestra consideración, el querellado se ha negado a cumplir con nuestros requerimientos sin justificación válida. En dos ocasiones le hemos ordenado que muestre causa por la cual no debería ser disciplinado. No compareció, a pesar de haber sido advertido de las consecuencias que su incumplimiento conllevaría. La actitud del querellado demuestra un incumplimiento craso para con sus deberes y obligaciones como abogado.

Procede, por lo tanto, suspenderlo indefinidamente del ejercicio de la abogacía y de la notaría hasta que otra cosa disponga este Tribunal. Procede, además, que le impongamos a Ramón R. Pizzini Arnott el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su

---

[6] *In re Santiago Méndez*, supra, pág. 697.

suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos, dentro de un término de treinta (30) días a partir de su notificación, el cumplimiento de estos deberes. Se apercibe, además, a Ramón R. Pizzini Arnott que la Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de su obra notarial, luego de lo cual la entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Fuster Berlingeri y Corrada Del Río no intervinieron.