EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Gilberto González Barreto | 2007 TSPR 10 <br><br> 170 DPR _____ |

Número del Caso: AB-2006-99

Fecha: 27 de diciembre de 2006

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto González Barreto                    AB-2006-99

PER CURIAM

San Juan, Puerto Rico, a 27 de diciembre de 2006

El 17 de agosto de 2006, emitimos la siguiente Resolución:

"El pasado 8 de mayo de 2006, la Secretaria del Tribunal Supremo cursó comunicación al Lcdo. Gilberto González Barreto, relacionada a una queja presentada en su contra. Según se desprende del acuse de recibo la misma fue recibida. El 21 de junio de 2006, mediante segunda notificación se le concedió un término adicional de diez (10) días para contestarla. Al día de hoy no ha comparecido.

Se le concede al Lcdo. Gilberto González Barreto un término de diez (10) días, a partir de la notificación de esta Resolución, para que comparezca ante este Tribunal y conteste la queja presentada en su contra. Se le apercibe, además, que su incumplimiento con esta Resolución podrá conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión.

Notifíquese personalmente de esta Resolución al Lcdo. Gilberto González Barreto por la Oficina del Alguacil de este Tribunal. ..." (Énfasis suplido).

La referida Resolución le fue <u>notificada personalmente</u> al Lcdo. Gilberto González Barreto por un alguacil de este Tribunal el 28 de agosto de 2006. A pesar del tiempo transcurrido, el referido abogado <u>no</u> ha comparecido. <u>Resolvemos</u>.

I

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, 157 D.P.R. 159 (2002); *In re* <u>Ríos Acosta, 143 D.P.R. 128 (1997)</u>. Asimismo, hemos sido <u>enfáticos</u> al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* <u>Vázquez Santiago</u>, 155 D.P.R. 926 (2001).

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, <u>constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la</u>

imposición de sanciones disciplinarias severas.[1] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

Como señaláramos en *Colegio de Abogados de Puerto Rico v. Pizzini Arnott*, 157 D.P.R. 182 (2002), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998); véase, además: *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).


II

La actitud de dejadez y desidia que ha demostrado el Lcdo. Gilberto González Barreto ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste

---

[1] *In re* Pérez Brasa, res. el 10 de diciembre de 2002, 2002 TSPR 46; *In re* Vázquez Santiago, ante; *In re* Figueroa Carrasquillo, 153 D.P.R. 132 (2001); *In re* López López, 149 D.P.R. 82 (1999); *In re* Vargas Soto, ante; *In re* Ríos Acosta I, 139 D.P.R. 117 (1995); *In re* Pérez Benabe, 133 D.P.R. 361 (1993); *In re* Ribas Dominicci I, 131 D.P.R. 491 (1992); *In re* Nicot Santana, ante.

no interesa continuar siendo miembro de la profesión. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Gilberto González Barreto del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto González Barreto                    AB-2006-99


SENTENCIA

San Juan, Puerto Rico, a 27 de diciembre de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Gilberto González Barreto del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Gilberto González Barreto, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. Las Juezas Asociadas señora Fiol Matta y señora Rodríguez Rodríguez no intervinieron.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina