ORDEN
Debido a la no intervención del Juez Asociado Señor Rivera Pérez y de la Jueza Asociada Señora Fiol Matta, se constituye una Sala Especial integrada por el Juez Presi-dente Señor Hernández Denton, el Juez Asociado Señor Rebollo López y la Juez Asociada Señora Rodríguez Rodrí-guez, para entender en el caso Núm. AB-2007-135, In re Servera Ramos.
Lo decretó y firma.
(Fdo.) Federico Hernández Denton

Juez Presidente

CERTIFICO:
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

María de Lourdes Rodríguez, oficial investigadora de la Co-misión de Etica del Colegio de Abogados de Puerto Rico.
per curiam:
Resulta increíble que tengamos que ejercer nuevamente nuestra jurisdicción disciplinaria por el in-cumplimiento de un miembro de la profesión legal con nuestras órdenes durante el trámite de un procedimiento disciplinario.
I
El Ledo. José R. Servera Ramos fue admitido al ejercicio de la abogacía el 11 de mayo de 1982 y al ejercicio de la notaría el 8 de junio de 1982.
El 5 de abril de 2006 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra Servera Ramos. Conforme el procedimiento establecido, la Comisión de Ética del Colegio de Abogados (Comisión de Ética) envió copia de la queja a Servera Ramos y le requi-rió que expresara su posición al respecto. En vista de que Servera Ramos no contestó, la Comisión de Ética le cursó una misiva en la que le concedió un término de diez días adicionales para contestar la queja presentada en su contra.
El 14 de junio de 2006, Servera Ramos compareció y solicitó una prórroga de sesenta días para contestar la *1033 queja presentada en su contra, la cual fue concedida por la Comisión de Ética. A pesar de la prórroga concedida, Ser-vera Ramos no contestó la referida queja.
Así las cosas, el 22 de agosto de 2006 la Comisión de Ética le remitió a Servera Ramos una tercera notificación mediante la cual se le concedió un término de diez días adicionales para contestar la referida queja. Se le apercibió que el no atender los requerimientos de la Comisión de Ética podía acarrear la imposición de severas sanciones disciplinarias por parte de este Tribunal. Nuevamente, Servera Ramos desatendió los requerimientos de la Comi-sión de Ética.
En vista de ello, el 25 de octubre de 2006 la Comisión de Ética le envió una carta al abogado, en donde se le advirtió que de no recibir su contestación, la queja sería referida a este Tribunal en un período de veinte días. Finalmente, el 29 de noviembre de 2006, ante la contumaz inobservancia de Servera Ramos con los requerimientos de la Comisión de Ética, ésta le comunicó que remitiría el asunto ante este Tribunal. A estos efectos, el Colegio de Abogados compare-ció ante nos el 13 de abril de 2007 para solicitar nuestra intervención.
Mediante la Resolución de 8 de junio de 2007, notificada personalmente por un alguacil del Tribunal, le ordenamos a Servera Ramos que respondiera los requerimientos del Colegio de Abogados y compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinado por no haber comparecido a responder tales requerimientos. Además, le apercibimos que incumplir con lo ordenado podría acarrear sanciones disciplinarias seve-ras, incluso la suspensión del ejercicio de la profesión.
Hoy el término concedido ha transcurrido y Servera Ramos no ha comparecido ante nos ni ante el Colegio de Abo-gados, en claro incumplimiento con nuestra Resolución de 8 de junio de 2007.
En vista de lo anterior, procedemos a resolver sin ulterior trámite.
*1034 II
Hemos resuelto reiteradamente que los abogados tienen la ineludible obligación de responder con diligencia a las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se presentan en su contra. In re Rodríguez Calderón, 172 D.P.R. 309 (2007); In re Guede Mijares, 159 D.P.R. 396 (2003); In re Pérez Brasa, 155 D.P.R. 813 (2001). A estos efectos, hemos señalado que ignorar los requerimientos relacionados con procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997).
Igualmente, hemos enfatizado que el incumplimiento por parte de un abogado al ignorar nuestras órdenes, así como los requerimientos del Colegio de Abogados en casos disciplinarios, conlleva la imposición de severas sanciones disciplinarias. In re García Enchautegui, 165 D.P.R. 251 (2005); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000).
Dicha conducta constituye una violación al Canon 9 del Código de Ética Profesional en lo relativo al deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX. Como se sabe, tal proceder constituye una falta indepen-diente de la que motivó la queja. In re Colón Rivera, 170 D.P.R. 440 (2007); In re Pagán Ayala, 130 D.P.R. 678 (1992).
Hemos señalamos que desatender nuestras órdenes du-rante un procedimiento disciplinario revela una gran fi-sura en el buen carácter que debe exhibir todo miembro de la profesión legal. C. Abo. v. Pizzini Arnott, 157 D.P.R. 182 (2002). Por ello, reiteramos que “ ‘no toleraremos la incom-prensible y obstinada negativa de un miembro de nuestro foro de incumplir con [nuestras] órdenes ...’ ”. (Corchetes *1035 en el original.) In re Jiménez Román, 172 D.P.R. 485, 489 (2007), citando a In re Melecio Morales, 144 D.P.R. 824, 826 (1998). Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 29 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
Desafortunadamente, los miembros de la profesión legal arriesgan frecuentemente sus títulos con la actitud de dejadez y displicencia que demuestran. “ ‘En muchas más ocasiones que las deseables, simples amonestaciones se convierten en suspensiones indefinidas por la testarudez y contumacia de los abogados que no cumplen con nuestras órdenes.’ ” (Énfasis suprimido.) In re Santiago Méndez, 129 D.P.R. 696 (1991), citando a In re Colón Torres, 129 D.P.R. 490, 493-494 (1991).
III
En el caso ante nos, no cabe duda que Servera Ramos ha hecho caso omiso a nuestra Resolución del 8 de junio de 2007 y a los múltiples requerimientos del Colegio de Abogados. A pesar de las cinco oportunidades concedidas por el Colegio de Abogados, éste incumplió con ellas reite-radamente y de forma obstinada y contumaz. Ello a pesar de que tuvo amplia oportunidad para contestar los reque-rimientos, ya que transcurrió casi un año desde la notifi-cación de la queja hasta la última notificación cursada por la Comisión de Ética.
De igual forma, Servera Ramos se ha mostrado indife-rente ante nuestra Resolución, aun cuando era consciente de las consecuencias disciplinarias que su conducta podía acarrear. Su proceder es desafiante y constituye una falta de respeto impermisible hacia este Tribunal, en abierta violación al estándar ético recogido en el Canon 9 del Có-digo de Ética Profesional, supra, y en contravención a los principios más elementales que rigen el ejercicio de la profesión. Desafortunadamente, dicha conducta refleja que a Servera Ramos no le interesa continuar ejerciendo la pro-fesión legal.
*1036 En vista de lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría a Ser-vera Ramos. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándo-los, devolverles cualesquiera honorarios recibidos por tra-bajos no realizados e informar oportunamente de su sus-pensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal debe incautar la obra y el sello notarial del abogado suspendido y entre-garlos a la Directora de la Oficina de Inspección de Nota-rías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.