EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ana Elena Cuebas Vargas | 2008 TSPR 29<br><br>173 DPR \_\_\_\_ |

Número del Caso: AB-2006-84

Fecha: 23 de enero de 2008

Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz

Materia: Conducta Profesional
        (La suspensión de la abogada advino final y firme el día
        12 de febrero de 2008).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

                                           Conducta
                                           Profesional

Ana Elena Cuebas Vargas

                         AB-2006-84

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de enero de 2008.

El 3 de abril de 2006 el Sr. Raúl Lladó presentó una queja contra la Lcda. Ana E. Cuebas Vargas. Expuso razones por las cuales entendía que ésta había incumplido con el contrato de servicios profesionales suscrito entre ellos. Sostiene, además, que ésta ha retenido el expediente del caso y no ha devuelto la suma de $3,000 entregados en honorarios de abogado. La licenciada Cuebas Vargas sometió su contestación a la queja el 21 de junio de 2006. Referimos la queja a la Oficina de Inspección de Notarías (ODIN), por tratarse en su origen de un asunto de trámite de expediente de dominio. La Directora de ODIN compareció el 18 de diciembre de 2006 y expuso que analizado el caso éste no versaba

sobre conducta o actuación notarial indebida alguna. Por esa razón recomendó se refiriera a la Oficina del Procurador General para su evaluación.

Mediante resolución de 5 de enero de 2007 este Tribunal le concedió a la Lcda. Ana Elena Cuebas Vargas un término para que se expresara sobre el Informe presentado por la Oficina de Inspección de Notarías. Ante su incomparecencia, el 11 de octubre de 2007, le concedimos un término final de quince días, contado a partir de la notificación de dicha resolución, para que contestara lo ordenando por este Tribunal.

Apercibimos a la Lcda. Ana Elena Cuebas Vargas que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión automática del ejercicio de la profesión. Esta resolución se notificó personalmente a la Lcda. Ana Elena Cuebas Vargas.

No obstante lo anterior, la licenciada Cuebas Vargas no ha comparecido.

I

Hemos resuelto en reiteradas ocasiones que todos los miembros de la clase togada tienen que responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional. Hacer lo contrario puede conllevar severas sanciones disciplinarias. Véase, *In re:* Vilanova Alfonso, 159 D.P.R. 167 (2003); *In re:* Arroyo Rivera, 148 D.P.R. 354 (1999). Este Tribunal ha destacado, además, la importancia de la función investigativa que realiza la Oficina del Procurador

General con relación a las quejas sobre posibles violaciones éticas. *In re:* Albizu, 136 D.P.R. 126 (1994).

De igual forma, hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX. In Re: Maldonado Rivera, 147 D.P.R. 380 (1999). Igualmente hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re: Grau Díaz, res. el 29 de marzo de 2006, 167 D.P.R. ___; In re: Zayas Cabán, res. el 21 de septiembre de 2004, 162 D.P.R. 839 (2004); In re: Arroyo Rivera, 161 D.P.R. 567 (2004); In re: Torres Torregrosa, 161 D.P.R. 66 (2004); In re: Fernández Pacheco, 152 D.P.R. 531 (2000); In re: Corujo Collazo, 149 D.P.R. 857 (1999); In re: Ron Meléndez, 149 D.P.R. 105 (1999); In re: Rivera Rodríguez, 147 D.P.R. 917 (1999).

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182 (2002), indicamos que el "[desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de

tolerar.    Véanse, <u>In re: Guemárez Santiago I</u>, 146 D.P.R. 27, 28 (1998); <u>In re: Nicot Santana</u>, 129 D.P.R. 717, 718 (1992).

                                    II

La abogada de epígrafe ha actuado de forma censurable al no ser responsiva a los requerimientos que le ha hecho este Tribunal.

Por ello, se suspende indefinidamente a la abogada Ana Elena Cuebas Vargas del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ana Elena Cuebas Vargas

AB-2006-84

*SENTENCIA*

En San Juan, Puerto Rico, a 23 de enero de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente a la abogada Cuebas Vargas del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de la abogada suspendida y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo