per curiam:
El 3 de abril de 2006 el Sr. Raúl Liado pre-sentó una queja contra la Leda. Ana E. Cuebas Vargas en la que expone las razones por las cuales entiende que ésta incumplió con el contrato de servicios profesionales sus-crito entre ellos. Sostiene, además, que ésta retuvo el ex-pediente del caso y que no ha devuelto $3,000 que le en-tregó como honorarios. La licenciada Cuebas Vargas sometió su contestación a la queja el 21 de junio de 2006. Referimos la queja a la Oficina de Inspección de Notarías (ODIN), por tratarse en su origen de un asunto de trámite de expediente de dominio. La Directora de ODIN compare-ció el 18 de diciembre de 2006 y expuso que, analizado el caso, éste no versaba sobre conducta o actuación notarial indebida alguna. Por esa razón recomendó que se refiriera a la Oficina del Procurador General para su evaluación.
Mediante Resolución de 5 de enero de 2007, este Tribunal concedió a la Leda. Ana Elena Cuebas Vargas un tér-mino para que se expresara sobre el Informe presentado por ODIN. Ante su incomparecencia, el 11 de octubre de 2007 le concedimos un término final de quince días, con-tado a partir de la notificación de dicha resolución, para que contestara lo ordenando por este Tribunal.
Apercibimos a la Leda. Ana Elena Cuebas Vargas de que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluso la suspensión automática del ejercicio de la profesión. Esta resolución se notificó per-sonalmente a la Leda. Ana Elena Cuebas Vargas.
*4 No obstante lo anterior, la licenciada Cuebas Vargas no ha comparecido.
I
Hemos resuelto en reiteradas ocasiones que todos los miembros de la clase togada tienen que responder con pre-mura y por escrito a los requerimientos relacionados con quejas por conducta profesional. Hacer lo contrario puede conllevar severas sanciones disciplinarias. Véanse: In re Vilanova Alfonso, 159 D.P.R. 167 (2003); In re Arroyo Rivera, 148 D.P.R. 354 (1999). Este Tribunal ha destacado, además, la importancia de la función investigativa que realiza la Oficina del Procurador General con relación a las quejas sobre posibles violaciones éticas. In re Albizu Merced, 136 D.P.R. 126 (1994).
De igual forma, hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agra-vio a la autoridad de los tribunales e infringe el Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Igualmente, hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender estas órdenes acarrea la imposición de sancio-nes disciplinarias severas, incluso la suspensión del ejerci-cio de la profesión. Véanse, entre muchos otros: In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Menéndez, 149 D.P.R. 105 (1999); In re Rivera Rodríguez, 147 D.P.R. 917 (1999).
En C. Abo. v. Pizzini Arnott, 157 D.P.R. 182 (2002), indicamos que el desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del *5 buen carácter que debe exhibir todo miembro de la profesión legal. Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar. Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 29 (1998); In re. Nicot Santana, 129 D.P.R. 717, 718 (1992).
II
La abogada de epígrafe ha actuado de forma censurable al no ser responsiva a los requerimientos que le ha hecho este Tribunal.
Por .ello, se suspende indefinidamente a la abogada Ana Elena Cuebas Vargas del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clien-tes de su inhabilidad para seguir representándolos, devol-verles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión “per curiam”y Sentencia.

Se dictará sentencia de conformidad.