EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Leonor Rodríguez Rodríguez | 2011 TSPR 43<br><br>180 DPR \_\_\_\_ |

Número del Caso: AB-2010-0079

Fecha: 7 de febrero de 2011

Abogado del querellado:

      Por derecho propio

Oficina de la Procuradora General:

      Lcda. Zaira Z. Girón Anadón
      Subprocuradora General

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|                             |             | Conducta   |
|                             |             | Profesional |
| Leonor Rodríguez Rodríguez  | AB-2010-79  |            |

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de febrero de 2011.

El 21 de abril de 2010 la Oficina de la Procuradora General de Puerto Rico presentó una moción informativa en la cual indicó que, como parte de una investigación por supuesta conducta profesional impropia instada en dicha oficina, se había notificado a la abogada de epígrafe, en tres ocasiones, de la existencia de la queja en su contra, Queja No. 09-185, sin lograr respuesta alguna. Informó la Procuradora que había enviado la notificación de la queja a las direcciones que

aparecen en el registro de abogados que mantiene la Secretaría de este Tribunal, así como la lista publicada por el Colegio de Abogados y que en innumerables ocasiones había tratado de comunicarse con la abogada mediante llamadas telefónicas, sin lograr respuesta a su gestión.[1]

Visto lo anterior, emitimos una resolución, el 15 de julio de 2010, concediéndole a la Lcda. Leonor Rodríguez Rodríguez un término de diez días, contado a partir de la notificación de la Resolución, para que compareciera ante la oficina de la Procuradora General a responder a los requerimientos de ésta. Se le apercibió que el incumplimiento con la resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. La resolución fue notificada personalmente.

La licenciada Rodríguez Rodríguez compareció el 16 de agosto de 1020 mediante Moción en cumplimiento de orden y en solicitud de prórroga, en la cual nos informaba que necesitaba término adicional para poder responder la queja presentada.

Accedimos a ello y el 20 de octubre de 2010 le concedimos a la querellada un término de diez días para

---

[1] La queja le imputaba a la Lcda. Leonor Rodríguez Rodríguez haber recibido $4,000.00 en pago por la preparación de unas escrituras que nunca efectuó. Según la quejosa, tras una espera de más de dos años, decidió solicitar a la abogada la devolución de su expediente y a la fecha de la queja seguía sin respuesta a su solicitud.

cumplir con los requerimientos de la Oficina de la Procuradora General de manera que ésta pudiera concluir su investigación conforme a derecho.

Posteriormente, el 12 de noviembre de 2010, extendimos el término concedido, en atención a otro planteamiento de la Procuradora General, quien, aunque aludió a que la conducta de la licenciada Rodríguez Rodríguez demostraba "una reiterada conducta de menosprecio ante este foro", solicitó que le concediéramos a ésta un término final. Nuestra resolución le requirió a la licenciada Rodríguez Rodríguez comparecer ante la oficina de la Procuradora General y, a la vez, comparecer ante este Tribunal y explicar la razón de su incumplimiento. Nuevamente, se le apercibió que el incumplimiento con lo así ordenado podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión y se ordenó la notificación personal de la Resolución.

El 27 de enero de 2011 la Oficina de Alguaciles de este Tribunal sometió una certificación negativa de diligenciamiento. Los alguaciles indican que acudieron a las direcciones informadas como suyas por la licenciada Rodríguez Rodríguez. En la oficina de la licenciada no encontraron a nadie y en la otra dirección, que resultó ser la residencia de la señora madre de la licenciada, tampoco tuvieron éxito.

I

Hemos resuelto en reiteradas ocasiones que todos los miembros de la clase togada tienen que responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional. Hacer lo contrario puede conllevar severas sanciones disciplinarias. Véase, *In re: Vilanova Alfonso*, 159 D.P.R. 167 (2003); *In re: Arroyo Rivera*, 148 D.P.R. 354 (1999). Este Tribunal ha destacado, además, la importancia de la función investigativa que realiza la Oficina del Procurador General con relación a las quejas sobre posibles violaciones éticas. *In re: Albizu*, 136 D.P.R. 126 (1994).

De igual forma, hemos señalado reiteradamente que no atender las órdenes judiciales es un serio agravio a la autoridad de los tribunales e infringe el Canon IX. In Re: Maldonado Rivera, 147 D.P.R. 380 (1999). También hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re: Grau Díaz, res. el 29 de marzo de 2006, 167 D.P.R. ___ ; In re: Zayas Cabán, res. el 21 de septiembre de 2004, 162 D.P.R. 839 (2004); In re: Arroyo Rivera, 161 D.P.R. 567 (2004); In re:

Torres Torregrosa, 161 D.P.R. 66 (2004); In re: Fernández Pacheco, 152 D.P.R. 531 (2000); In re: Corujo Collazo, 149 D.P.R. 857 (1999); In re: Ron Meléndez, 149 D.P.R. 105 (1999); In re: Rivera Rodríguez, 147 D.P.R. 917 (1999).

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182 (2002), indicamos que el "[desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar. Véanse, In re: Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re: Nicot Santana, 129 D.P.R. 717, 718 (1992).

## II

La abogada de epígrafe ha actuado de forma censurable al no ser responsiva a los requerimientos que le ha hecho este Tribunal.

Por ello, se suspende indefinidamente a la abogada Leonor Rodríguez Rodríguez del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar

oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Leonor Rodríguez Rodríguez

AB-2010-79

*SENTENCIA*

En San Juan, Puerto Rico, a 7 de febrero de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente a la abogada Leonor Rodríguez Rodríguez del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido de la notaría y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo