per curiam:
El 21 de abril de 2010 la Oficina de la Pro-curadora General de Puerto Rico (Oficina de la Procura-dora General) presentó una moción informativa en la cual indicó que, como parte de una investigación por supuesta conducta profesional impropia instada en dicha oficina, se *842 había notificado a la abogada de epígrafe, en tres ocasio-nes, de la existencia de la queja en su contra, Queja No. 09-185, sin lograr respuesta alguna. Informó la Procura-dora que había enviado la notificación de la queja a las direcciones que aparecen en el registro de abogados que mantiene la Secretaría de este Tribunal y en la lista que publica el Colegio de Abogados, y que en innumerables oca-siones se había tratado de comunicar con la abogada me-diante llamadas telefónicas, sin lograr respuesta a su gestión.(1)
Visto lo anterior, emitimos una resolución, el 15 de julio de 2010, en la cual le concedimos a la Leda. Leonor Rodrí-guez Rodríguez un término de diez días, contado a partir de la notificación de la Resolución, para que compareciera ante la oficina de la Procuradora General a responder a los requerimientos de ésta. Se le apercibió que el incumpli-miento con la Resolución podría conllevar sanciones disci-plinarias severas, incluso la suspensión del ejercicio de la profesión. La resolución se notificó personalmente.
La licenciada Rodríguez Rodríguez compareció el 16 de agosto de 2010 mediante una Moción en Cumplimiento de Orden y en Solicitud de Prórroga, en la cual nos informaba que necesitaba un término adicional para poder responder la queja presentada.
Accedimos a ello, y el 20 de octubre de 2010 le concedi-mos a la querellada un término de diez días para cumplir con los requerimientos de la Oficina de la Procuradora General de manera que ésta pudiera concluir su investigación conforme a derecho.
Posteriormente, el 12 de noviembre de 2010, extendi-mos el término concedido, en atención a otro plantea-miento de la Procuradora General, quien, aunque aludió a que la conducta de la licenciada Rodríguez Rodríguez de-mostraba “una reiterada conducta de menosprecio ante *843 este foro”, solicitó que le concediéramos a ésta un término final. Nuestra Resolución le requirió a la licenciada Rodrí-guez Rodríguez comparecer ante la Oficina de la Procura-dora General y, a la vez, comparecer ante este Tribunal y explicar la razón de su incumplimiento. Nuevamente, se le apercibió que el incumplimiento con lo así ordenado podría conllevar sanciones disciplinarias severas, incluso la sus-pensión del ejercicio de la profesión y se ordenó la notifica-ción personal de la Resolución.
El 27 de enero de 2011, la Oficina de Alguaciles de este Tribunal sometió una certificación negativa de diligencia-miento. Los alguaciles indican que acudieron a las direc-ciones informadas como suyas por la licenciada Rodríguez Rodríguez. En la oficina de la licenciada no encontraron a nadie y en la otra dirección, que resultó ser la residencia de la señora madre de la licenciada, tampoco tuvieron éxito.
I
Hemos resuelto en reiteradas ocasiones que todos los miembros de la clase togada tienen que responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional. Hacer lo contrario puede conllevar severas sanciones disciplinarias. Véanse: In re Vilanova Alfonso, 159 D.P.R. 167 (2003); In re Arroyo Rivera, 148 D.P.R. 354 (1999). Este Tribunal ha destacado, además, la importancia de la función investigativa que realiza la Oficina del Procurador General con relación a las quejas sobre posibles violaciones éticas. In re Albizu Merced, 136 D.P.R. 126 (1994).
De igual forma, hemos señalado reiteradamente que no atender las órdenes judiciales es un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. In re Maldonado Rivera, 147 D.P.R. 380 (1999). También hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente con las órdenes de este Tribunal. Desaten- *844 der las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Menéndez, 149 D.P.R. 105 (1999); In re Rivera Rodríguez, 147 D.P.R. 917 (1999).
En C. Abo. v. Pizzini Arnott, 157 D.P.R. 182 (2002), indicamos que el desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar. Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
II
La abogada de epígrafe ha actuado de forma censurable al no ser responsiva a los requerimientos que le ha hecho este Tribunal.
Por ello, se suspende indefinidamente a la abogada Leonor Rodríguez Rodríguez del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá acreditar a este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.

Se dictará sentencia de conformidad.

 La queja imputaba a la Leda. Leonor Rodríguez Rodríguez haber recibido $4,000 en pago por la preparación de unas escrituras que nunca efectuó. Según la quejosa, tras una espera de más de dos años, decidió solicitar a la abogada la devo-lución de su expediente. A la fecha de la queja seguía sin respuesta a su solicitud.