EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | |
|-------|------|
| | 2011 TSPR 32 |
| | 181 DPR ____ |
| Orlando Martínez Sotomayor | |

Número del Caso: AB-2008-234

Fecha: 3 de marzo de 2011

Abogado de la Parte Querellada:

      Por derecho propio

Oficina del Procurador General:

      Lcda. Zaira Z. Girón Anadón
      Subprocuradora General

Materia: Conducta Profesional- La suspensión será efectiva el 7 de marzo de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

ORLANDO MARTÍNEZ SOTOMAYOR          AB-2008-234

PER CURIAM

En San Juan, Puerto Rico, a 3 de marzo de 2011.

Nos enfrentamos nuevamente con una conducta impropia e inaceptable para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento con las órdenes que este Tribunal dicta a los abogados durante el trámite de un procedimiento disciplinario iniciado en su contra. Por este motivo, nos corresponde actuar en el ejercicio de nuestra jurisdicción disciplinaria.

I

El 28 de agosto de 2008 el Sr. Luis A. Reyes Falcón presentó ante este Tribunal una queja en

contra del Lcdo. Orlando Martínez Sotomayor. Debido a que el licenciado Martínez Sotomayor no contestó la queja en su contra, a pesar de varios requerimientos, el 8 de mayo de 2009 dictamos una Sentencia en la que suspendimos inmediata e indefinidamente al querellado del ejercicio de la abogacía.

El 15 de mayo de 2009 el licenciado Martínez Sotomayor presentó una solicitud de reconsideración sobre dicha sentencia y acompañó la contestación a la queja en su contra. Mediante Resolución de 22 de mayo de 2009 este Foro dejó sin efecto la suspensión decretada y refirió la queja a la Oficina de la Procuradora General para la investigación correspondiente.

El señor Reyes Falcón le solicitó al licenciado Martínez Sotomayor copia del expediente que motivó la querella en su contra. El querellado no entregó el expediente al señor Reyes Falcón. Posteriormente, la oficina de la Procuradora General le requirió al querellado copia del mencionado expediente. Para cumplir con dicho requerimiento, se le concedió al licenciado Martínez Sotomayor un término de 30 días. Sin embargo, el querellado no cumplió con el requerimiento de la oficina de la Procuradora General. Por tal motivo, la Procuradora General presentó el 2 de marzo de 2010 ante nuestra Secretaría una "Moción informativa y en solicitud de orden", en la que nos solicitó que requiriéramos al

licenciado Martínez Sotomayor que compareciera a su oficina para cumplir con las órdenes antes mencionadas.

El 17 de marzo de 2010 emitimos una Resolución en la que concedimos un término de 10 días para que compareciera a responder los requerimientos de la oficina de la Procuradora General. El querellado no cumplió con nuestra Resolución. En cambio, presentó una moción en la que solicitó una prórroga de 30 días para contestar la querella. El 15 de octubre de 2010 accedimos a la solicitud del querellado y le concedimos un plazo final e improrrogable de 30 días para que cumpliera con nuestra Resolución de 17 de marzo de 2010. A pesar de que en nuestras resoluciones apercibimos al licenciado Martínez Sotomayor de las repercusiones de no cumplir con lo ordenado, al día de hoy el querellado no ha cumplido.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Hemos resuelto en reiteradas ocasiones que todo abogado tiene la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, sobre todo cuando se trata de asuntos de naturaleza disciplinaria. In re Morales Rodríguez, Op. de 19 de agosto de 2010, 2010 T.S.P.R. 188, 2010 J.T.S. 197, 179 D.P.R. __ (2010). Por ello, no cumplir diligentemente

con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión legal. In re Rivera Rosado, Op. de 25 de enero de 2011, 2011 T.S.P.R. 18, 2011 J.T.S. __, 180 D.P.R. __ (2011), In re Vilanova Alfonso, 159 D.P.R. 167, 169 (2003).

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182, 184 (2002), mencionamos que

> [l]os abogados están obligados a responder de manera diligente a los requerimientos de esta Curia, en especial si se trata de un procedimiento disciplinario. Esta obligación existe y obliga al abogado sin importar los méritos que pueda tener la querella investigada. La conducta obstinada e incomprensible de los miembros de la profesión jurídica al no responder a nuestras órdenes, nos ha llevado a imponerles a los querellados drásticas sanciones. (Citas omitidas)

En otras palabras, desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, que incluyen, entre otras, la suspensión del ejercicio de la profesión. Véanse: In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Rivera Rodríguez, 147 D.P.R. 917 (1999). En suma, se trata de un acto de indisciplina, desobediencia, contumacia y falta de respeto que no habremos de tolerar. Véanse, In re Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).

III

El licenciado Martínez Sotomayor ha demostrado total y reiterado menosprecio por las órdenes de este Foro. Su actitud de displicencia hacia este Tribunal no lo hace digno de desempeñar el ministerio que ostenta como miembro de la profesión legal.

Según surge de los hechos, al licenciado Martínez Sotomayor se le concedió un término razonable para contestar nuestro requerimiento. Incluso, aceptamos su solicitud de prórroga para contestar. Sin lugar a dudas, la conducta del querellado refleja un patrón de desobediencia a nuestras órdenes que no vamos a tolerar.

Por los fundamentos antes expresados ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Orlando Martínez Sotomayor.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles a los clientes los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam.

El alguacil de este Tribunal procederá de inmediato a incautarse de la obra y sello notarial del licenciado

Martínez Sotomayor, debiendo entregar éstos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en su expediente personal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

ORLANDO MARTÍNEZ SOTOMAYOR          AB-2008-234

SENTENCIA

En San Juan, Puerto Rico, a 3 de marzo de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Orlando Martínez Sotomayor. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles a los clientes los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria Tribunal Supremo