per curiam:
Nos enfrentamos nuevamente con una con-ducta impropia e inaceptable para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento con las órdenes que este Tribunal dicta a los abogados durante el trámite de un procedimiento disciplinario iniciado en su contra. Por este motivo, nos corresponde actuar en el ejer-cicio de nuestra jurisdicción disciplinaria.
*2 I
El 28 de agosto de 2008 el Sr. Luis A. Reyes Falcón presentó ante este Tribunal mía queja contra el Ledo. Orlando Martínez Sotomayor. Debido a que el licenciado Mar-tínez Sotomayor no contestó la queja en su contra, a pesar de varios requerimientos, el 8 de mayo de 2009 dictamos una sentencia en la que suspendimos inmediata e indefini-damente al querellado del ejercicio de la abogacía.
El 15 de mayo de 2009 el licenciado Martínez Sotomayor presentó una solicitud de reconsideración sobre dicha sen-tencia y acompañó la contestación a la queja en su contra. Mediante Resolución de 22 de mayo de 2009 este Foro dejó sin efecto la suspensión decretada y refirió la queja a la Oficina de la Procuradora General para la investigación correspondiente.
El señor Reyes Falcón solicitó al licenciado Martínez So-tomayor copia del expediente que motivó la querella en su contra. El querellado no entregó el expediente al señor Reyes Falcón. Posteriormente, la oficina de la Procuradora General requirió al querellado copia del mencionado expediente. Para cumplir con dicho requerimiento, se con-cedió al licenciado Martínez Sotomayor un término de 30 días. Sin embargo, el querellado no cumplió con el reque-rimiento de la oficina de la Procuradora General. Por tal motivo, la Procuradora General presentó el 2 de marzo de 2010 ante nuestra Secretaría una Moción Informativa y en Solicitud de Orden, en la que nos solicitó que requiriéra-mos al licenciado Martínez Sotomayor que compareciera a su oficina para cumplir con las órdenes antes mencionadas.
El 17 de marzo de 2010 emitimos una resolución en la que concedimos un término de 10 días para que compare-ciera a responder los requerimientos de la oficina de la Procuradora General. El querellado no cumplió con nues-tra resolución. En cambio, presentó una moción de pró- *3 rroga de 30 días para contestar la querella. El 15 de octu-bre de 2010 accedimos a la solicitud del querellado y le concedimos un plazo final e improrrogable de 30 días para que cumpliera con nuestra Resolución de 17 de marzo de 2010. A pesar de que en nuestras resoluciones apercibimos al licenciado Martínez Sotomayor de las repercusiones de no cumplir con lo ordenado, al día de hoy el querellado no ha cumplido.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Hemos resuelto en reiteradas ocasiones que todo abogado tiene la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, sobre todo cuando se trata de asuntos de naturaleza disciplinaria. In re Morales Rodríguez, 179 D.P.R. 766 (2010). Por ello, no cumplir diligentemente con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión legal. In re Rivera Rosado, 180 D.P.R. 698 (2011); In re Vilanova Alfonso, 159 D.P.R. 167, 169 (2003).
En C. Abo. v. Pizzini Arnott, 157 D.P.R. 182, 184 (2002), mencionamos que
[l]os abogados están obligados a responder de manera dili-gente a los requerimientos de esta Curia, en especial si se trata de un procedimiento disciplinario. Este deber existe y obliga al abogado sin importar los méritos que pueda tener la querella investigada. La conducta obstinada e incomprensible de los miembros de la profesión jurídica al no responder a nuestras órdenes nos ha llevado a imponerle [s] a los querella-dos drásticas sanciones. (Citas y escolios omitidos.)
En otras palabras, desatender las órdenes nuestras aca-rrea la imposición de sanciones disciplinarias severas que *4 incluyen, entre otras, la suspensión del ejercicio de la profesión. Véanse In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Rivera Rodríguez, 147 D.P.R. 917 (1999). En suma, se trata de un acto de indisciplina, desobediencia, contumacia y falta de respeto que no habremos de tolerar. Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
III
El licenciado Martínez Sotomayor ha demostrado total y reiterado menosprecio por las órdenes de este Foro. Su ac-titud de displicencia hacia este Tribunal no lo hace digno de desempeñar el ministerio que ostenta como miembro de la profesión legal.
Según surge de los hechos, al licenciado Martínez Soto-mayor se le concedió un término razonable para contestar nuestro requerimiento. Incluso, aceptamos su solicitud de prórroga para contestar. Sin lugar a dudas, la conducta del querellado refleja un patrón de desobediencia a nuestras órdenes que no vamos a tolerar.
Por los fundamentos antes expresados, ordenamos la suspensión inmediata e indefinida del ejercicio de la abo-gacía del Ledo. Orlando Martínez Sotomayor.
Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos. Además, tiene que devolverles a los clientes los honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión per curiam.
*5 El alguacil de este Tribunal procederá de inmediato a incautarse de la obra y el sello notarial del licenciado Mar-tínez Sotomayor, y entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e in-forme a este Tribunal.
Esta opinión y la sentencia correspondiente se notifica-rán personalmente al abogado de epígrafe a la última dirección que aparece en su expediente personal.

Se dictará sentencia de conformidad.